IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 1:19-cr-034 |
| v. | ) | |
| | ) | RESPONSE TO DEFENDANT'S |
| WALTER GREENWOOD STOKES, | ) | SENTENCING MEMORANDUM |
| | ) | |
| Defendant. | ) | |

The United States, by and through the United States Attorney for the Southern District of Iowa and the undersigned Assistant United States Attorney, and respectfully files a response to the defendant's Sentencing Memorandum.

## I.     Procedural Background

The defendant, Walter G. Stokes, was originally indicted on June 25, 2019, for being a prohibited person in possession of a firearm. (Pre-Sentence Report Paragraph 1, hereinafter, PSR ¶ 1). After several superseding indictments were obtained, a Third Superseding Indictment was obtained on February 25, 2020. (PSR ¶ 4). On the charge of a prohibited person in possession of a firearm, the defendant proceeded to trial on March 2, 2020, and was found guilty by a jury on March 3, 2020. (PSR ¶ 7).

The defendant has not filed any objections to the findings contained in the Pre-Sentence Report but has asked for a departure and a variance. The defendant is asking for a sentence of 24 months. (Defendant's Sentencing Brief, filing 183, page 12, hereinafter Brf at12).

Sentencing is currently set for July 16, 2020, in Council Bluffs, Iowa.

II.     **Overstatement of Criminal History**

The defendant has requested a downward departure from criminal history Category IV as it (his criminal history) "substantially over-represents" the seriousness of the defendant's criminal convictions. (Brf. at 2). Nothing could be further from the truth. The defendant has routinely violated the law, even after being imprisoned for his behavior.

As provided by the Commentary for USSG §4A1.3, Application Note 3, "A downward departure from the defendant's criminal history category may be warranted if, for example, the defendant had two misdemeanor convictions close to ten years prior to the instant offense and no other evidence of prior criminal behavior in the intervening period." USSG §4A1.3, comment. (n.3).

Based on this commentary note, the defendant fails to meet the test for a downward departure. At 34 years of age, the defendant has managed to be sent to prison for two separate burglary convictions for five years in 2003. (PSR ¶¶ 40, 41). When one reviews these convictions, it shows that at the age of 18, the defendant was given an opportunity to straighten himself out by the court placing him on a deferred judgement, basically, probation. He was placed on probation on February 16, 2004, and managed to have it revoked on August 2, 2004. (*Id.*). In June of 2005 he was paroled and in March of 2006 he was released from parole. (*Id.*).

If these were his only trips through the judicial system, his request for a departure might have some merit, however, the defendant has routinely come in contact with law enforcement.

His reported criminal activity began when he was 15 years of age when he was found to be delinquent because of a bomb threat, which was reduced to a harassment charge. (PSR ¶ 37). He also has juvenile adjudications for thefts on two occasions. (PSR ¶¶ 38, 39). While still under supervision of the department of corrections for his burglary convictions, the defendant

was found guilty as an accessory to a car theft. (PSR ¶ 42).  He continued to violate laws as he was determined to drive without a license as he is either suspended or barred from driving from 2009 to present day. (See PSR ¶¶ 43, 45).  He also has convictions for controlled substance offenses and operating a vehicle under the influence. (PSR ¶¶ 46, 47).

Maybe most disturbing of his convictions occurs in 2016 where the defendant threatens to handle things "outside the law" and threatens a person with "I am going to kill you in your sleep and rape your girlfriend." (PSR ¶ 48).  He was convicted of disorderly conduct for this and therefore did not receive any criminal history points for this offense, but it shows an anger control problem that must be accounted for by the Court.

Additionally, the defendant has eight more arrests that did not lead to convictions.  When considering whether the defendant's criminal history points over represent his criminal activity, these too need to be taken into account. (PSR ¶¶ 51-59).

The defendant's criminal history can hardly be classified as a minor criminal history and clearly shows that the defendant will continue to commit criminal acts in the future.  A departure is not warranted in the instant case.

### III.    Title 18 U.S.C. § 3553(a) factors

The defendant has filed a Sentencing Brief asking for a variance from the established USSG sentence recommendation.  Nothing in the defendant's presentation to the Court establishes grounds for a variance.

The Court clearly has the authority to vary from the recommended sentence based on factors listed in 18 U.S.C. § 3553(a).  The Court is not required to do so however.  In any event, the Court needs to determine a "reasonable sentence" using the sentence established by the Guidelines as a starting point.  "[A] district court should begin all sentencing proceedings by

correctly calculating the applicable Guidelines range." *United States v. Feemster,* 572 F.3d 455, 461 (8th Cir. 2009) (en banc) citing *Gall v. United States,* 552 U.S. 38 (2007).

The factors the Court must use to determine a reasonable sentence are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed;
>
>> (A) to reflect the seriousness of the offense, promote respect for the law, and provide just punishment;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the sentencing range from the guidelines;
>
> (5) any pertinent policy statements by the Sentencing Commission;
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to victims.

(18 U.S.C. § 3553(a)).

All aspects of the defendant's argument for a variance have been addressed by the application of the United States Sentencing Guidelines. As an example, his criminal history placing him in Criminal History Category IV accounts for his criminal behavior, and in fact, with the number of convictions that did not receive points, one can easily argue that the sentencing guidelines have already provided the defendant with a "variance" as if all convictions counted, he would have a much higher criminal point number.

The defendant argues that he is a family person and has children.  Of course, he had children when he committed the offense he now stands convicted of.  (It should be noted that his last child was conceived after he was charged in the instant case.)

The Court needs to consider also that the defendant had a total disregard for the safety of the children in his residence.  Firearms and children simply do not mix.  The Center for Disease Control has reviewed the deaths of children from firearms.  According to a study by the CDC, the number of firearm deaths of school-age children in the United States was growing with 38,942 deaths in those 5 to 18 years old from 1999 to 2017.  2017 was the last year data was available. (Report of the Center for Disease Control, United States National Center for Health Statistics, filed in March of 2019).   Leaving loaded firearms in the residence, and not just one but five, is providing every opportunity for children to be injured or killed, particularly when none of the firearms had any type of locking mechanism attached.  Hardly a responsible parent.

As the Court was present for all of the government evidence, it should be fairly clear that a variance should not be granted if for no other reason than the number of firearms in the residence and the amount of ammunition.  The defendant was manufacturing firearms, storing firearms and stock piling ammunition for an unknown purpose.  Many of the firearms, particularly the ones that were loaded in the bedroom, were not for hunting.  Even to say the ammunition was for target practice, 14,000 rounds of ammunition would take a long time to expend.  The Court needs to take into consideration the fact that the defendant, in his arms and ammunition collection, had magazines that were capable of holding hundreds of rounds.  (Trial Exhibit 4c, drum magazines).

In addition, the defendant is certainly responsible for the criminal behavior of his co-defendants.  They purchased those items he could not, because of his prohibited status, and

provided them to him for his use.  Though not necessarily an enhancement in the USSG, using others to assist in violating a law certainly should be considered when deciding on a downward variance

       Finally, the government will offer exhibits that show the defendant does not have much respect for the laws of the country, particularly the laws of the State of Iowa.  In Sentencing Exhibit 1, the defendant is telling a transporting deputy, Deputy Kline, that the defendant has a Second Amendment Right to his firearms and that the State cannot take that away.  Sentencing Exhibit 2 is a transcript of a conversation the defendant had with Officer Schilling regarding the defendant's right to travel and why he does not need a driver's license from the State of Iowa.

       These exhibits exemplify the defendant's distain for following laws and rules.  In addition, as the Court will recall, the defendant had to be drug free at his place of employment and used fake urine to get past their drug tests.  Clearly, not someone who should benefit from leniency from the Court.

## VI.    Conclusion

       The facts which prove the offense in the instant case provide a strong argument for a sentence at the very top of the guidelines in the very least.  A review of 3553(a) factors that the

Court must consider also do not lead to a conclusion that the defendant should not be given any less time than recommended by the Sentencing Guidelines.

                    Respectfully Submitted,

                    Marc Krickbaum
                    United States Attorney

By:  */S/ Richard E. Rothrock*
      Richard E. Rothrock
      Assistant United States Attorney
      8 South 6th Street Suite 348
      Council Bluffs, Iowa 51501
      Tel: 712-256-5009
      Fax: 712-256-5112
      Email: Richard.Rothrock@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2020, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record by:

____U.S. Mail   _____ Fax   _____Hand Delivery

  X    ECF/Electronic filing     ____Other means

UNITED STATES ATTORNEY

By: */s/ Dawn Thomas*
    Paralegal Specialist